UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER FORMAN, | : |
| Petitioner, | : |
| | : |
| | : No. 5:21-cv-4707 |
| v. | : |
| | : |
| KATHY BRITTAIN, et al. | : |
| Respondents. | : |

**O R D E R**

**AND NOW,** this 1st day of August, 2023, after *de novo* review of the petition for writ of habeas corpus, ECF No. 1, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, ECF No. 53, and Petitioner's objections thereto, ECF No. 56,

**IT IS ORDERED THAT:**

1. The Report and Recommendation, ECF No. 53, is **APPROVED and ADOPTED**.

2. The objections, ECF No. 56, to the Report and Recommendation are **OVERRULED**.[1]

3. The petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

---

[1] When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016).

  4. A certificate of appealability is issued with respect to Forman's sufficiency claim.²

  5. This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

²   As explained in Judge Hey's Report and Recommendation, reasonable jurists could find the Court's interpretation of the "presence" requirement of the Pennsylvania burglary statute debatable, given that the Pennsylvania court cases relied upon in interpreting the statute arose in the sentencing rather than sufficiency context due to the statute's 2012 amendment. *See* R&R, ECF No. 53, at 19. Therefore, Petitioner has made a substantial showing of the denial of a constitutional right, and it is appropriate to issue a certificate of appealability on the sufficiency issue in this case. *See Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)) (holding that a certificate of appealability should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right'"); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").