UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER FORMAN, :
          Petitioner, :
  :
  : No. 5:21-cv-4707
    v. :
  :
KATHY BRITTAIN, et al. :
          Respondents. :

**O P I N I O N**
Motion for Bail, ECF No. 62 – Denied

**Joseph F. Leeson, Jr.**                                                            September 7, 2023
**United States District Judge**

## I.    INTRODUCTION[1]

On October 22, 2021, Petitioner Christopher Forman filed a *pro se* petition for habeas corpus challenging his state court conviction of burglary and related offenses. *See* Pet., ECF No. 1. United States Magistrate Judge Elizabeth T. Hey prepared a Report and Recommendation, which this Court adopted in an Order on August 1, 2023 after *de novo* review. *See* Habeas Order, ECF No. 57. Forman's objections to the Report and Recommendation were overruled, and his Petition was denied, with a certificate of appealability granted on one of the underlying issues. *Id*. Thereafter, Forman filed a notice of appeal in the Third Circuit. *See* Not., ECF No. 60. *See also* Third Circuit Court of Appeals Case No. 23-2587. Forman also filed a Motion for Bail in this Court,[2] which is the only subject of this short Opinion. *See* Bail Mot., ECF No. 62.

---

[1]    A more detailed factual background can be found in the Report and Recommendation adopted in this case. *See* R&R, ECF No. 53.
[2]    Although the Motion was captioned and docketed in this Court, Forman apparently believes he is addressing the Third Circuit in his Motion. Nevertheless, this Court has authority to decide the motion, as noted *infra*.

## II.   LEGAL STANDARDS

Federal Rule of Appellate Procedure 23(b) governs when a petitioner seeks bail pending review by an appellate court of a district court's denial of his writ of habeas corpus.  *See* Fed. R. App. P. 23(b).[3]  The Rule provides that

> [w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
> (1) detained in the custody from which release is sought;
> (2) detained in other appropriate custody; or
> (3) released on personal recognizance, with or without surety.

*Id*.

A court should grant bail to a habeas petitioner "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Santiago*, No. 19-1572, 2019 U.S. App. LEXIS 40101, at *1-2 (3d Cir. Aug. 1, 2019) (internal marks and citation omitted).  *See also Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (distinguishing between bail pending initial review of the habeas petition and bail pending review by an appellate court of a district judge's grant or denial of a petition, and remarking that the standard after a denial is "more stringent"). "Very few cases have presented extraordinary circumstances, and those that have seem to be limited to

---

[3]   Under the plain language of Rule 23, this Court has the authority to decide Petitioner's bail motion while his appeal is pending before the Third Circuit because this is an initial determination of whether to release Petitioner pending the appeal of this Court's habeas decision. *See Christian v. Frank*, No. C04-00743, 2010 U.S. Dist. LEXIS 26590, at *9-15 (D. Haw. Mar. 22, 2010) (holding that "Rule 23(b) and (c) only applied to the initial decision whether, and under what terms, to release Petitioner pending the appeal of the Habeas Order[,]" but that Rule 23(d), which refers only to appellate judges and Supreme Court justices, applied where the respondents sought "either a modification of those initial decisions or the issuance of a new ruling on Petitioner's custody").

situations involving poor health or the impending completion of the prisoner's sentence." *Landano*, 970 F.2d at 1239.

### III. ANALYSIS

Here, Forman has failed to show that he has a high probability of success on his claims or that exceptional circumstances exist in this case. Forman's only argument for why he should be granted bail is that he believes he will prevail on his sufficiency argument, particularly pointing to the certificate of appealability granted by this Court in the order denying his Petition. *See* Bail Mot., ECF No. 62.  Although this Court found that reasonable jurists could find the Court's interpretation of the "presence" requirement of the Pennsylvania burglary statute debatable such that a certificate of appealability was appropriate, Forman has not made out a clear case for habeas relief on the law and facts such that bail would be appropriate while the Court's habeas decision is pending appeal.  Moreover, a certificate of appealability does not present an exceptional circumstance warranting special treatment for the purpose of granting bail.

### IV. CONCLUSION

Because Forman has failed to allege exceptional circumstances or raise claims that have a high probability of success, his Motion for Bail is denied.  A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge