UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER FORMAN, :
          Petitioner, :
           :
           : No. 5:21-cv-4707
    v. :
           :
KATHY BRITTAIN, et al. :
          Respondents. :

**O P I N I O N**
**Petitioner's Motion Pursuant to Rule 60(b), ECF No. 66 - Dismissed**

**Joseph F. Leeson, Jr.**          **May 8, 2025**
**United States District Judge**

I.     **INTRODUCTION & BACKGROUND**

Before the Court is a Rule 60(b) Motion in which Petitioner Christopher Forman asks that this Court reopen his habeas proceedings, arguing that his 2017 Philadelphia conviction for burglary in the first degree under 18 Pa.C.S. § 3502(a)(1) was erroneous. *See* ECF No. 66; *see also Commonwealth v. Forman*, CP-51-CR-0006295-2014 (Phila. C.C.P). The Court need not restate the state-court proceedings or the factual basis of the underlying conviction as both are set forth in the Report & Recommendation ("R&R") prepared by Magistrate Judge Elizabeth T. Hey, *see* ECF No. 53, and adopted by this Court, *see* ECF No. 57. Forman's Petition for Writ of Habeas Corpus, filed October 22, 2021, brought claims for insufficient evidence at trial, and argued that 42 Pa.C.S. § 9714 was unconstitutional as drafted. *See* ECF No. 1.

In the R&R filed on May 26, 2023, Magistrate Judge Hey recommended that the Petition be denied but that a Certificate of Appealability ("COA") issue with respect to the sufficiency claim. *See* ECF No. 53. Forman filed objections to the R&R on June 30, 2023, *see* ECF No. 56,

and, following a *de novo* review of the Habeas Petition, the Court approved and adopted the R&R on August 1, 2023. *See* ECF No. 57.

On August 23, 2023, Forman correctly filed his Notice of Appeal, *see* ECF No. 60, and on March 18, 2025, the Third Circuit affirmed this Court's August 1, 2023, Order adopting the R&R. *See* ECF No. 65. Currently before the Court is Forman's "Motion for Rule Fed. R. Civil Proc. 60(b)," filed on April 8, 2025. ECF No. 66. For the reasons that follow, this Motion is dismissed.

## II.   LEGAL STANDARD

**Motions under Federal Rule of Civil Procedure 60 – Review of Applicable Law**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v.*

*Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 WL 55176 at *2 (E.D. Pa. Jan. 14, 1999).

"[C]ase law emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *See United States v. Brown*, No. 99-730, 2013 WL 3742444, at *6 (E.D. Pa. July 17, 2013); *see also United States v. Vas*, 255 F. Supp. 3d 598, 603 (E.D. Pa. 2017) ("A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it."). In determining whether a Motion is properly classified as a second or successive petition, the court must ascertain whether it advances a "claim." *Gonzalez*, 545 U.S. at 530-31.

### III.  ANALYSIS

Although Forman presents this Motion under Rule 60(b), it is in fact a second or successive habeas petition because it "attacks the federal court's previous resolution of a claim on the merits."  *Gonzalez*, 545 U.S. at 532 (italics omitted). Forman's Motion asks the court to grant "a Dismissal of all Charges," a "New Trial," or a "resente[n]cing." *See* Motion, ECF No. 66 at 18. As grounds for relief, Forman cites the same facts and legal theories underlying the insufficient evidence claim brought in his original petition as well as the statutory interpretation arguments for 18 Pa.C.S. § 3502(a)(1) previously dissected in state court, in the R&R, and in the Third Circuit's Opinion on appeal. *See* ECF Nos. 1, 53, and 65. This is, in substance, a "claim" for habeas relief and a second or successive habeas petition. *See United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 2987160, at *2 (M.D. Pa. July 13, 2017) (reasoning that a Rule 60(b) motion will be treated as a second or successive habeas application "if in substance it presents a claim for relief from the criminal judgment."); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 997

(9th Cir. 2013) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)) (A "claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments ... [or] proved by different factual allegations.'"). Further, because the claim in this second or successive habeas corpus application was already presented in a prior application, it must be dismissed. *See* 28 U.S.C. § 2244(b)(1); *see also Baker v. SCI Rockview*, No. 21-CV-3216, 2024 WL 3497896 at *2 (E.D. Pa. July 19, 2024) (dismissing a Rule 60(b) motion under Section 2244(b)(1) for advancing the same claim brought in a prior habeas petition). Crucially, because Forman has not received authorization from the Court of Appeals to file another federal habeas petition, this Court lacks jurisdiction to consider his claim. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application," and such motion "shall be determined by a three-judge panel."); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that, where a defendant "neither sought nor received authorization from the Court of Appeals before filing [a] 'second or successive' petition challenging his custody[,] the District Court was without jurisdiction to entertain it"); *see also Vas*, 255 F. Supp. 3d at 603 ("A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it.").

IV.  **CONCLUSION**

Although Forman brings this Motion under Rule 60(b), it is in fact a second or successive habeas petition. Since Forman's claim was already presented in his prior application for a writ of habeas corpus, the Court must dismiss it for lack of jurisdiction. A certificate of appealability

shall not issue as reasonable jurists would not find it debatable whether this Court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)[1].

A separate Order follows.

                                                    BY THE COURT:

                                                   */s/ Joseph F. Leeson, Jr.*
                                                   JOSEPH F. LEESON, JR.
                                                   United States District Judge

---

[1] "When the district court denies a habeas petition on procedural grounds [. . .] a COA should issue when the prisoner shows, at least, [. . .] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).